UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BCM-1469

CATHERINE MCLEAN,

                           Plaintiff,            **DEFENDANTS' REQUEST TO CHARGE**

      -against-

                                               **CV 11-2466 (WDW)**

COUNTY OF SUFFOLK, et al.

                           Defendants.

      Defendants, County of Suffolk, Deputy Sheriff Michael McAllister and Deputy Sheriff Jose Nunez, by counsel, hereby submit the following Request to Charge for regarding plaintiff's 42 U.S.C. §1983 claim for denial of medical care.

## EIGHTH AMENDMENT RIGHTS

      The plaintiff claims she was denied adequate medical care by Deputy Sheriffs MICHAEL MCALLISTER and JOSE NUNEZ while she was an inmate at the Suffolk County Jail. The defendants deny this claim and submit that the plaintiff was given appropriate care and that the Deputy Sheriffs did not violate her rights in any way.

      The Eighth Amendment to the Constitution imposes a duty upon prison officials to ensure that inmates receive adequate medical care. [1](Farmer) Although the Constitution imposes a duty upon prison officials to ensure that inmates receive adequate medical care not every lapse in medical care is a constitutional wrong. Rather, 'a prison official violates the Eighth Amendment only when two requirements are met.' [2] the plaintiff must prove that (1) the alleged deprivation of adequate medical care was "sufficiently serious," and (2) the charged official acted "with a sufficiently culpable state of mind." [3]

      The first step of this analysis -- whether plaintiff has shown "the alleged deprivation of adequate medical care was 'sufficiently serious'" -- is an objective test. Only deprivations denying

---

[1] Farmer v. Brennan, 511 U.S. 825, 832(1994)
[2] Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994)).
[3] Salahuddin, 467 F.3d at 279-80 (citations omitted)

the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. [4]

In evaluating the plaintiff's claim , you must first determine if the plaintiff was actually deprived of adequate medical care.  In this regard  the prison official's duty is only to provide reasonable care.  Thus, prison officials who act reasonably in response to an inmate-health risk cannot be found to have deprived the inmate of adequate medical care under the Eighth Amendment.  Conversely, failing to take reasonable measures in response to a medical condition can lead to a finding that the plaintiff was denied adequate care. [5]

If you find that the defendants McAllister and Nunez acted reasonably in response to the plaintiff's claimed health risk then the plaintiff was not actually deprived of adequate medical care and you will return a verdict in favor of the defendants.

On the other hand, if you find that the defendants failed to take reasonable measures in response to the plaintiff's medical condition, you must then determine if whether the inadequacy in medical care was sufficiently serious. [6]

In determining  whether the inadequacy in medical care was "sufficiently serious" you must examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner.

If you find that the inadequacy in medical care was not "sufficiently serious" there has been no constitutional violation and you will return a verdict in favor of the defendants.

On the other hand, if you find that the inadequacy in medical care was "sufficiently serious" you must then determine if the charged officials, in this case Deputy Sheriffs McAllister and Nunez, acted "with a sufficiently culpable state of mind.

---

[4] Salahuddin, 467 F.3d at 279 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)
[5] Salahuddin, 467 F.3d at 279-80 (quoting Farmer, 511 U.S. at 845, 847)
[6] Salahuddin, 467 F.3d at 280 (citing Helling v. McKinney, 509 U.S. 25, 32-33 (1993)

The second step of the analysis -- whether plaintiff has shown that the defendants acted with a sufficiently culpable state of mind -- is a subjective test. [7]  To establish this element the plaintiff must prove that the defendants acted with "deliberate indifference" to plaintiff's health. [8]

"Deliberate indifference" is defined as:  a mental state equivalent to subjective recklessness, as the term is used in criminal law. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious harm will result to the plaintiff.   Although the reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result, the plaintiff must prove that the defendants were aware of a substantial risk that harm would occur.    Still, recklessness entails more than mere negligence; and the risk of harm must be substantial and the defendants actions more than merely negligent.[9]

If you find that the defendants McAllister and Nunez acted with deliberate indifference to the plaintiff's health, then you will return a verdict in favor of the plaintiff.

On the other hand, if you find that the defendants were not actually aware of a substantial risk that serious harm would result to the plaintiff, then they will not have acted with deliberate indifference and you will return a verdict in favor of the defendants.

Dated:  Hauppauge, New York
       June 23, 2013

Respectfully submitted,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY
Attorney for Suffolk County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P. O. Box 6100
Hauppauge, New York 11788

_____
Brian C. Mitchell/BCM-1469
Assistant County Attorney

---

[7] Salahuddin, 467 F.3d at 280 (citing Wilson, 501 U.S. at 300)
[8] Id.
[9] Salahuddin, 467 F.3d at 280 (citations omitted).